DAVID BERG INDUSTRIAL ALCOHOL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13102.   Promulgated November 1, 1928.

*A. E. James, Esq., Cecil Page, Esq., Howard H. Yocum, Esq.,* and *George R. Beneman, Esq.,* for the petitioner.

*Shelby S. Faulkner, Esq.,* and *Clark T. Brown, Esq.,* for the respondent.

OPINION.

MARQUETTE: There is no dispute between the parties to this proceeding as to the greater part of the facts relative thereto. They are in accord that the petitioner was the owner of a one-half interest in the Philip Publicker which cost it $315,513.03, and that it sold that interest in 1921 for a stated consideration of $125,000. The respondent, however, questions the bona fides of the sale and contends that the petitioner did not in fact sustain any loss therefrom. If the sale was an arm's-length transaction made in good faith the petitioner sustained a loss of $190,513.03, which should be deducted in computing its net income for 1921; if the sale was only a pretense made for the purpose of indicating a loss that has no basis in fact, then the petitioner's claim must be denied.

We see no reason for holding that the petitioner did not make the sale in question in good faith. On the other hand we find ample and convincing evidence to establish that it was a bona fide sale made by parties dealing at arm's length and for a fair consideration in money or money's worth. The evidence is clear that although the Philip Publicker cost more than $635,000 in 1920, and was worth that amount at that time, its fair market value in December, 1921, had declined to a figure under $250,000, due to the fact that the World War had ended and a great volume of shipping had been dumped on the market. Furthermore, the necessity for the petitioner's ownership of a tank steamer had ceased with the end of the war, and its officers considered it good business to dispose of the Philip Publicker and avoid further loss if possible. It was thereupon sold to the Water Front Service Co., a corporation with which

the petitioner had no connection. The sale was without any restrictions or reservations except that the deferred payments were secured by a mortgage on the ship, and the Service Company was free to do as it pleased with the steamer, subject only to those restrictions. Charles Kurz, owner of the greater part of the stock of the Water Front Service Co., testified that the purchase of the steamer was made in good faith and that he expected to sell it at a profit, but that because of a further decline in the value of shipping, he was unable to do so and was therefore unable to meet the payments on the notes.

The respondent lays great stress on the fact that at the foreclosure sale the Philip Publicker was bid in by the Adelphia Steamship Co., the stock of which was owned by the petitioner and the Publicker Commercial Alcohol Co. We, however, are unable to perceive that, in the light of all the other circumstances surrounding the sale, that fact is sufficient to show fraud or lack of good faith. Looking at all of the evidence, it appears that in the face of a declining market the petitioner tried to dispose of the Philip Publicker and minimize its losses; that due to a further decline in the market the purchaser was unable to complete its payments, and that the petitioner and the other owner of the steamer, acting through a new corporation which they formed for that purpose, bid the steamer in for an amount which appears to be its fair market value at that time. We are of opinion that the transaction in question was an actual sale made in good faith by the petitioner and that it resulted in a loss to the petitioner of $190,513.03, which should be deducted in computing its net income for 1921.

*Judgment will be entered under Rule 50.*